**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 06-21722-CIV-LENARD/TORRES

S.K.Y. MANAGEMENT LLC,

      Plaintiff,

vs.

GREENSHOE, LTD.,

      Defendant
_____/

**ORDER DENYING MOTION TO STAY DISCOVERY**

      This matter is before the Court on Defendant's Motion to Stay Discovery [D.E. 38] pending the disposition of Defendant's pending motion to dismiss, and pursuant to the Order of Reference entered September 20, 2006 for final disposition of all discovery related motions upon the parties' consent [D.E. 30]. Upon review of the Motion, Plaintiff's response, and the record in this case, the Court finds that Defendant has not satisfied its burden of showing why discovery should be summarily stayed or severely restricted based upon the arguments raised in its motion to dismiss.

      1.    From the Defendant's perspective, this is a simple case about a seller of a high-value yacht who has been sued by a prospective buyer who backed out of a deal to purchase the yacht. Defendant claims that rather than simply requesting return of its deposit, the buyer/Plaintiff turned around and sued the seller/Defendant for flawed claims of breach of contract, fraudulent inducement, and negligent misrepresentation. In response to the pending Amended Complaint, the Defendant has moved to dismiss those legal claims. While the motion is pending, to avoid what Defendant deems to be a

very unnecessary legal expense, the Defendant argues that all discovery should be stayed because his legal defenses will likely prevail.

2.	The Plaintiff, however, has a far different take on the case. The Plaintiff argues that Defendant has been refusing wrongfully to return the Plaintiff's deposit, which was in the amount of $450,000. Further, the Plaintiff argues that this was not a situation where a buyer simply decided to back out of a deal. Rather, Plaintiff argues that Plaintiff expended considerable monies to pursue the deal based upon fraudulent misrepresentations and intentional non-disclosure of material facts that the Defendant made to induce the Plaintiff to purchase the vessel. Naturally, Defendant strongly opposes any stay of discovery because it believes that its claims will survive the motion to dismiss and lead to trial. Defendant insists that the discovery it wishes to propound is all necessary and relevant for that trial.

3.	Whichever version of the facts turns out to be correct, what is undisputable is that this is not an overly complex or unique case. It is a straightforward breach of contract and tort case arising from a purchase agreement that went sour. This finding is significant when measured against the pending motion to stay discovery, which seeks to prevent the Plaintiff from engaging in any discovery in the case, at least outside of the narrow limits of a contract claim for return of the deposit monies.

4.	Because this is a straightforward commercial case, the burden on the Defendant here to stop all discovery before its legal defenses are finally resolved is a heavy one. This is not a case like the one presented in *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1368 (11th Cir. 1997), where the Court found there to be an "especially dubious" claim filed that if disposed by motion to dismiss would save needless and extensive discovery. Instead, the issues in the case are in the nature of a run-of-the-mill

commercial dispute that would not require a massive amount of discovery. The motion's suggestion that expensive time-consuming discovery is at stake is simply not tenable.

5. In fairness to the Defendant, however, the Court has taken a preliminary review of the issues raised in its motion to dismiss to determine whether a stay of discovery should be seriously considered. That review, from which a ruling will be forthcoming shortly, shows that the Defendant has raised colorable legal defenses, but at the same time the Plaintiff has strong rebuttal arguments that may result in both tort claims surviving a motion to dismiss. *Compare Hillcrest Pac. Corp. v. Yamamura,* 727 So. 2d 1053, 1056 (Fla. 4th DCA 1999) (cited in Defendant's motion to dismiss for proposition that "having agreed to an 'as is' provision and an integration clause, Plaintiff cannot recover in fraud for alleged oral misrepresentations that are adequately covered or expressly contradicted in the Agreement") (Motion to Dismiss, D.E. 37, at 10), *with D&M Jupiter, Inc. v. Friedopfer,* 853 So.2d 485, 489 (Fla. 4th DCA 2003) (reversing summary judgment and holding that "where there is fraudulent inducement of a contract, the fraudulent misrepresentation vitiates every part of the contract, including any 'as is' clause").

6. For instance, a substantial issue raised in the motion to dismiss relates to the application of what remains of Florida's "economic loss rule" after cases like *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.,* 685 So. 2d 1238 (Fla. 1996). Defendant argues that under the now-restricted doctrine the Plaintiff's tort claims here must fail as a matter of law because they are simply intertwined with the breach of contract allegations. Yet, the Court's review of the Amended Complaint shows that there are possibly sufficient allegations of factual misrepresentations that are the terms of the bargain, as opposed to

acts of performance, which may prevent the dismissal of the tort claims, at least at the pleading stage.  *See, e.g., D&M Jupiter,* 853 So. 2d at 487-88.[1]

7.	Therefore, there is good reason to question whether Defendant will prevail on its motion to dismiss.  A stay of discovery under those circumstances would be grossly inappropriate, especially when there is actually a stronger likelihood of success that the non-movant will prevail on the legal issue.  That will be determined later, but for now it suffices to say that the Defendant has not shown that it is entitled to a stay of discovery in this case.

8.	Finally, another problem with the Defendant's motion is that the pending motion to dismiss will admittedly not result in a resolution of the entire case.  Defendant concedes, as it must, that a limited nature of the contract claim alleged here may be the only thing left after the motion to dismiss is resolved.  Yet, many of the cases cited by the Defendant's motion to stay all involved situations where the entire case was in question.  In other words, a dispositive motion, if granted, would dispose of the entire case and eliminate the need for any discovery at all.  *See, e.g., Nankvil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003) ("courts have held good cause to stay discovery exists when resolution of a preliminary motion may dispose of the entire action").  Here, by

---

[1] "[T]he economic loss rule does not bar recovery in this case. The Supreme Court has announced 'that by recognizing that the economic loss rule may have some genuine, but limited, value in our damages law, we never intended to bar well-established common law causes of action.' *Moransais v. Heathman,* 744 So. 2d 973 (Fla.1999).  As such, the economic loss rule does not bar tort actions based on fraudulent inducement and negligent misrepresentation. The test to determine if the economic loss rule applies is to ask if the fraud alleged is in an act of performance or in a term of the bargain. *Allen v. Stephan Co.,* 784 So. 2d 456, 457 (Fla. 4th DCA 2000). When the fraud 'relates to the performance of the contract the economic loss doctrine will limit the parties to their contractual remedies.'  *Id.*  However, when the 'fraud occurs in the connection with misrepresentations, statements or omissions which cause the complaining party to enter into a transaction, then such fraud is fraud in the inducement and survives as an independent tort.' *Id.*"

contrast, even if Defendant's legal arguments were accurate, a contract claim would remain which may result in the production of much of the same discovery that Defendant is seeking to suppress. After all, the Plaintiff will likely not agree with Defendant that the only remedy for the contract claim is a return of the deposit. Undoubtedly, the Plaintiff will argue that additional consequential damages on the contract claim would be required, which would then require discovery beyond simply the amount of the deposit and the costs incurred by the Defendant, as argued in the motion here.

9. Therefore, this is simply not a case that warrants or is amenable to a stay of discovery until the pleadings are fully closed. The allegations in the amended complaint are sufficient to begin the discovery process. That is especially necessary in light of the District Judge's refusal to reschedule the pretrial deadlines at this stage of the case. *See* Order Denying Motion to Set Aside Deadlines in Scheduling Order [D.E. 52]. The Plaintiff may thus proceed with discovery in the case.

10. The denial of the pending motion does not mean, of course, that the Defendant cannot argue for reasonable limitations on the scope of discovery, at least at the beginning stages of the case. For instance, if Plaintiff intends to obtain financial worth discovery at this early stage simply because it has a tort claim pending, then the Court may intervene and sustain the Defendant's objections in that regard. Similarly, if the scope of the discovery requested far exceeds what would be reasonable in a straightforward case like this, then the Court may provide the Defendant with relief. But those issues are not yet before the Court and should not be prejudged here. The only matter pending is whether a broad stay of discovery should be granted, and that issue is the only matter being resolved in this Order.

Accordingly, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Stay Discovery [D.E. 38] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of January, 2007.

EDWIN G. TORRES
United States Magistrate Judge