**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 06-21722-CIV-LENARD/TORRES**

S.K.Y. MANAGEMENT, LLC,

       Plaintiff/Counterdefendant,

vs.

GREEN SHOE LTD.,

       Defendant/Counterplaintiff.

_____/

**DEFENDANT GREEN SHOE LTD.'S RESPONSE TO PLAINTIFF'S OBJECTIONS**
**TO MAGISTRATE'S REPORT AND RECOMMENDATIONS**

Defendant, Green Shoe Ltd. ("Green Shoe"), pursuant to Rule 72(b), Federal Rules of Civil Procedure, and Magistrate Judge Rule 4(b), Local Rules of the Southern District of Florida, responds to Plaintiff's Objections (D.E. 64, "Objections") to Magistrate's Report and Recommendation (D.E. 62, "Report").

**I.      SUMMARY OF THE ARGUMENT**

This is an action that arises from the unconsummated sale of a yacht for the purchase price of $4.5 million by Green Shoe to Plaintiff. Based upon Plaintiff's allegations in the Second Amended Complaint about how the transaction went awry, the Magistrate correctly found that Plaintiff failed to state causes of action for fraud in the inducement and negligent misrepresentation. Specifically, the Report concludes that Green Shoe's purported misrepresentations that the yacht had "enjoyed a number of loving owners" and "was one of the world's best boats, that needs nothing" constitute the type of sales talk or puffing that is insufficient to support a cause of action for fraud. In response, Plaintiff now seeks to impute

upon Green Shoe a duty to disclose, not alleged in the Second Amended Complaint, in an effort to cast doubt upon the Magistrate's conclusions. The Court should reject Plaintiff's attempt in its Objections to overcome the deficiencies in the Second Amended Complaint.

The Court should approve and adopt the Report because it thoroughly analyzed Plaintiff's fraud in the inducement and negligent misrepresentation claims as pled and properly recommended their dismissal. The Magistrate correctly applied the heightened pleading standard for fraud claims required by Rule 9(b), Federal Rules of Civil Procedure, to conclude that Plaintiff fails to meet that standard, and fails to even establish each element of a cause of action for fraud. The Second Amended Complaint does not allege a false representation of material fact by Green Shoe. Moreover, Plaintiff does not and cannot allege any justifiable reliance on Green Shoe's representations. Plaintiff is correct that that the Court's standard of review at this juncture is *de novo*. Yet, even if the Court disregards the Magistrate's findings of fact, the legal reality remains that Plaintiff's claims for fraud in the inducement and negligent misrepresentation are due to be dismissed.

## II.     ARGUMENT

### A.     Plaintiff Failed To Meet The Heightened Pleading Standard For Fraud.

As highlighted in the Report at page 4, Rule 9(b) mandates that all acts constituting fraud shall be pled with particularity. Fed. R. Civ. P. 9(b); *see Ziemba v. Cascade, Int'l, Inc.,* 256 F.3d 1194, 1202 (11th Cir. 2001). The purpose of the rule is to alert defendants to the "precise misconduct with which they are charged" and to protect defendants "against spurious charges of immoral and fraudulent behavior." *Ziemba,* 256 F.3d at 1202 (citations omitted). Plaintiff correctly states that the Court must not set aside the concept of notice pleading when applying the heightened pleading standard required by Rule 9(b), Objections at 15, but, even analyzing the

Second Amended Complaint in conjunction with Rule 8(a)'s "short, plain statement of the grounds" standard, Plaintiff's fraud in the inducement claim fails to state a cause of action.

The Eleventh Circuit has made clear that Rule (9)(b) requires that a complaint allege: (1) precisely what statements the defendant made in which documents or oral representations or what omissions the defendant made; (2) the time and place of each statement and the person responsible for making or not making same; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a result of the fraud. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1371 (11th Cir. 1997). In other words, pleading with particularity requires a complaint to answer the who, what, when, where and how of the alleged fraud. *Bearse v. Main Street Inv.,* 220 F. Supp. 2d 1338, 1345 (M.D. Fla. 2002).

The Magistrate concluded that the alleged fraudulent statements that the yacht had "enjoyed a number of loving owners" and "was one of the world's best boats, that needs nothing" were merely puffing and sales talk, and Plaintiff failed to satisfy Rule 9(b)'s particularity standard to establish an actionable misrepresentation. Report at 6-7. Because the Second Amended Complaint does not allege that Green Shoe had any duty to disclose, Plaintiff cannot rely on an alleged omission to support its fraud claim. Report at 7-8.

Moreover, even if Plaintiff alleged an actionable misrepresentation, Plaintiff's conclusory allegations of justifiable reliance do not satisfy the heightened pleading standard. Report at 11. In sum, the Magistrate applied the proper standard in reviewing Plaintiff's allegations and correctly found that Plaintiff fails to allege either an actionable misrepresentation of fact, or a material omission and non-disclosure of fact where a duty to disclose exists, in order to satisfy Rule 9(b). Report at 9-10. The Court should therefore adopt the Report and dismiss Plaintiff's

3

fraud in the inducement and negligent misrepresentation claims.

**B.    The Magistrate Correctly Found That Plaintiff Did Not State A Cause Of Action For Fraud In The Inducement.**

      To state a cause of action for fraud in the inducement, a plaintiff must allege: (1) a false statement of fact; (2) known by the defendant to be false at the time it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representations; and (5) resulting damage to the plaintiff. Report at 5 (citing *Stowell v. Ted S. Finkel Inv. Serv., Inc.,* 641 F.2d 323, 325 (5th Cir. 1981)). The Magistrate correctly found that Plaintiff fails to allege two elements of a cause of action for fraud, namely, a false statement of material fact by Green Shoe or justifiable reliance by Plaintiff.  Report at 7, 11.

      **1.    Green Shoe's Alleged Statements Are No More Than Puffing.**

      As the factual predicate for its fraud in the inducement claim, Plaintiff alleges that "[Green Shoe] misrepresented to the Plaintiff prior to the execution of the [Purchase & Sale Agreement] that [the yacht] has 'enjoyed a number of loving owners' and that [the yacht] was 'one of the world's best boats, that needs nothing,' in order to induce Plaintiff to purchase [the yacht]." 2d Am. Compl. ¶ 17.  The Magistrate accurately notes that no where on the face of the Second Amended Complaint does Plaintiff ever allege that either of these statements is actually false.  Report at 8.  In addition, the Magistrate concludes that these statements are no more than puffing or sales talk, which standing alone are insufficient to constitute statements of fact.[1] Report at 6.

---

[1] The Magistrate contrasted such puffing with statements of pre-existing fact, observing that Plaintiff's claims for fraud in the inducement and negligent misrepresentation would survive dismissal "if the [Second Amended] Complaint alleged that the seller represented that the vessel was free of all defects and had never suffered any damage prior to the sale of the vessel, which representation caused Plaintiff not to obtain a survey of the yacht.  In that circumstance, Plaintiff might have been able to allege a statement of *pre-existing fact* that prevented Plaintiff from conducting its own survey."  Report at 9 (emphasis supplied).  But the Second Amended Complaint fails to allege any false statement of fact sufficient to establish a claim for fraud.

Plaintiff misses this point, conflating statements of opinion and statements of fact. Notably, while *admitting* that these are statements of opinion, Plaintiff asserts that Green Shoe's alleged superior knowledge somehow transformed these opinions into statements of fact. Objections at 7. Plaintiff relies on *Ramel v. Chasebrook Construction Company,* 135 So. 2d 876, 882 (Fla. 2d DCA 1961), for the proposition that "statements of a party having superior knowledge may be regarded as statements of fact even though they might otherwise be considered as opinion if the parties were dealing on equal terms."[2] Objections at 7. *Ramel* is readily distinguishable from the instant case because it deals with real property. The Second District Court of Appeal expressly relied on cases involving "fraud predicated upon [a] vendor's misrepresentation of physical condition of real property." *Ramel,* 135 So. 2d at 879. Only one other court has relied on *Ramel,* and it has never been extended beyond a similar set of facts involving real property.

The Magistrate properly relied on analogous cases outside this jurisdiction involving the sale of goods to conclude that Green Shoe's purported misrepresentations are, as a matter of law, non-actionable puffing. Report at 9 (citing *Spiegel v. Sharp Electronics Corp.,* 125 Ill. App. 3d 887 897, 902 (Ill. Ct. App. 1984) (sale of a photocopier); *Royal Business Machines, Inc. v. Lorraine Corp.,* 633 F.2d 34, 41, 45 (7th Cir. 1980) (sale of copying machines); *Forbis v. Reilly,* 684 F. Supp. 1317, 1322 (W.D. Pa. 1988) (sale of a mare)). Plaintiff objects to the Magistrate's reliance on these cases because they "involved claims for breach of express warranty, not fraud

---

[2] Plaintiff objects to the Magistrate's finding that Plaintiff is a "sophisticated party." Objections at 4. In its Response in Opposition to Green Shoe's Motion to Dismiss, Plaintiff asserts that this characterization is an unsubstantiated factual statement, but does not dispute its veracity. (D.E. 46 at 2). Nevertheless, this statement is not necessary to the Magistrate's conclusion that the parties were dealing on equal terms. The Court may glean this from the Amended Complaint – Plaintiff attended the Monaco Yacht Show, had a broker, was purchasing a sailing yacht for $4.5 million and was entitled to hire a professional marine surveyor, at its own expense, to conduct a pre-purchase survey.

claims, and do not constitute binding precedent." Objections at 8.[3]

Lest the Court be misled, *all* of these cases involved fraud claims. Specifically, *Spiegel* involved a claim for fraudulent misrepresentation based on a copier vendor's statement that the copier would make "picture perfect copies" and would "reduce error and paper waste." 125 Ill. App. 3d at 902. The court found that these statements amounted to nothing more than mere commendation or opinion and did not qualify as fraudulent misrepresentations. *Id.* Similarly, the court in *Royal Business Machines* concluded that general statements to the effect that goods were "the best," were "of good quality," or would "last a lifetime" and be "in perfect condition" were expressions of a seller's opinion or "puffing" of its wares and did not qualify as statements of material fact upon which a fraud action could be based. 633 F.3d at 42, 45. Like the puffing in *Royal Business Machines*, the Magistrate correctly concluded that Green Shoe's alleged statements, even if made, are mere opinions or non-actionable puffing.

Without dispute, "opinions of value or quality are ordinarily not actionable as fraud." *Forbis v. Reilly,* 684 F. Supp. 1317, 1320 (W.D. Pa. 1988) (holding that a horse breeder's statement that a mare was a "good mare to start a breeding program with" did support a fraud claim because it was a general statement of the horse's quality and was no more than puffing). Plaintiff, however, continues to ignore this holding and ineffectively attempts to transform expressions of opinion into statements of fact. First, Plaintiff criticizes the Magistrate's reliance on *Next Century Communications, Corp. v. Ellis,* 318 F.3d 1023 (11th Cir. 2003), because, Plaintiff argues, the case "did not, as here, involve non disclosure of hidden defects." Objections at 8. Yet, the Report does not cite the case to address the non disclosure of hidden defects. Rather, the Report looks to *Next Century* to support its conclusion of law that the statement that

---

[3] Plaintiff also attempts to distinguish these cases because they did not involve motions to dismiss. Plaintiff turns a blind eye to his own reliance on *Ramel, supra,* which reviewed a directed verdict for a defendant at the end of a plaintiff's case.

the yacht is "one of the world's best boats is not the type of 'empirically verifiable statement that can be affirmatively disproven, as it is inherently a label expressive of, and generated by, opinion.'" Report at 9 (citing *Next Century Comm. Corp. v. Ellis*, 318 F. 3d 1023, 1028 (11th Cir. 2003)). Likewise, Plaintiff claims that *White v. Crandell*, 143 So. 2d 871 (Fla. 1932), "stands for the proposition that an alleged misstatement of the value of property itself without more, will not sustain a cause of action for fraud . . . ." Objections at 9. But the Report clearly cites *White* for its legal conclusion that an opinion of value is not a statement of fact. Report at 9. Plaintiff repeatedly ignores the reality that Green Shoe's alleged statements to Plaintiff are opinions and not statements of fact sufficient to support a fraud claim.

Plaintiff attempts to impute a duty to disclose upon Green Shoe, not alleged in the Second Amended Complaint, in order to support a fraud theory based on an omission of fact. The Magistrate correctly found that Plaintiff has not stated a cause of action based on fraudulent concealment or nondisclosure because the Second Amended Complaint does not allege any special relationship between the parties or any other basis for a duty to disclose. Report at 7. Paragraphs 15 and 16 of the Second Amended Complaint state: "[Green Shoe] intentionally concealed from the Plaintiff its knowledge of defects that affected the [yacht] in order to induce the Plaintiff to purchase [the yacht;]" and "[Green Shoe] intentionally failed to disclose defects to the Plaintiff in order to induce the Plaintiff to purchase [the yacht]." Yet, no where on its face does Plaintiff claim as a precursor to these allegations that Green Shoe had any duty to disclose under the circumstances. Accordingly, the Magistrate appropriately found that "the Complaint relies upon material *omissions* and *non-disclosures* of fact that are also not actionable because Plaintiff does not allege any duty to disclose under the circumstances." Report at 10. Plaintiff in fact concedes that its claims are based on non disclosure and concealment in its Objections.

Objections at 11, 12.

Plaintiff is bound by the allegations in the Second Amended Complaint. Based upon the statements alleged by Plaintiff to be misrepresentations, the Magistrate's conclusion that Green Shoe's alleged statements are opinions of value and not statements of fact is well supported in the law. Moreover, because Plaintiff does not allege a duty to disclose, its eleventh-hour efforts to read such a duty into the Second Amended Complaint fail. The Court should adopt and approve the Magistrate's Report and dismiss Plaintiff's fraud in the inducement claims.

### 2.   Plaintiff Did Not Justifiably Rely On Any Representation By Green Shoe.

The Magistrate found that even if Plaintiff had alleged an actionable misrepresentation, Plaintiff's fraud in the inducement and negligent misrepresentation claims do not survive dismissal because Plaintiff does not satisfy the element of justifiable reliance. Report at 11. Green Shoe raised this issue in its Motion to Dismiss, *see* Motion to Dismiss (D.E. 37) at 9-10, arguing that Plaintiff had the opportunity to perform, and did perform, a detailed and intrusive survey of the yacht. Motion to Dismiss at 10. Plaintiff's May 9, 2006 letter to Green Shoe confirms that it hired a professional marine surveyor who conducted a survey of the yacht and issued a report. Motion to Dismiss, Ex. 1.[4] Having obtained its own independent, professional survey of the yacht, Plaintiff therefore could not justifiably rely on any representation by Green Shoe about the yacht's condition. The Magistrate found this reasoning meritorious. Report at

---

[4] The Magistrate is correct that "[o]n a motion to dismiss under Rule 12(b)(6), the Court must primarily examine the allegations of the Complaint and determine if they state a cause of action in the light most favorable to the non-moving party." Report at 13. However, the Court may also examine documents that are central and integral to Plaintiff's claims for breach of contract, fraud in the inducement and negligent misrepresentation. *See Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1281 n. 16 (11th Cir. 1999) (finding that a court may consider documents that are central or integral to the plaintiff's claim on a motion to dismiss); *Reynolds v. Gables Residential Serv., Inc.,* 428 F. Supp. 2d 1260, 1263 (M.D. Fla. 2006) (finding that a party may attach documents that are central or integral to the plaintiff's claim to its motion to dismiss without converting the motion into one for summary judgment); *see also Hoffman-Pugh v. Ramsey,* 312 F.3d 1222, 1225-26 (11th Cir. 2002) (holding that document central to Plaintiff's claims was properly before the court on defendants' motion to dismiss). Plaintiff did not dispute the authenticity of the May 9 letter in its Response to Green Shoe's Motion to Dismiss, relying merely on the fact that it is outside the four corners of the Complaint. In any event, because the Court's standard of review is *de novo,* it may revisit this issue.

11.

But the Magistrate went further and analyzed the element of justifiable reliance from a different perspective. The Magistrate looked to whether Plaintiff established justifiable reliance based on Green Shoe's alleged omissions and nondisclosure of defects in the vessel. Justifiable reliance, however, is an element of an action for fraud based on omissions or non-disclosure, which could only be relevant in this case had Plaintiff alleged a duty to disclose. *See, e.g., Livingston v. H.I. Family Suites,* No. 605CV860ORL19KRS, 2006 WL 1406587, at *1, *7 (M.D. Fla. May 22, 2006) (holding that justifiable reliance is an element of a claim for fraud arising from a defendant's non-disclosure of a material fact, where there is a duty to disclose such information). Because Plaintiff does not allege any duty to disclose, the Magistrate concluded that Plaintiff could not justifiably rely on an alleged omission or nondisclosure. Report at 11. Therefore, the Magistrate properly found that, having alleged no duty to disclose, Plaintiff could not have justifiably relied on Green Shoe's alleged omissions.

**C.     Notwithstanding The Magistrate's Findings Of Fact, *De Novo* Review Upholds The Dismissal Of Plaintiff's Claims For Fraudulent And Negligent Misrepresentation.**

The Court must review the Magistrate's findings of fact to which Plaintiff objects *de novo. See, e.g., LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files timely and specific objection to finding of fact by magistrate, district court has obligation to conduct de novo review of record with respect to that factual issue; district court's consideration of factual issue must be independent and based upon record before court"). Plaintiff contests several, but not all, of the Magistrate's findings of facts.   Plaintiff does not dispute the Magistrate's finding that the parties do not share any special relationship to support a duty to disclose (Report at 7), or that the Second Amended Complaint itself shows that this was an arms length transaction (Report at 11). These findings alone support the Magistrate's conclusion that

there can be no duty to disclose and thus no justifiable reliance. This conclusion alone is sufficient to warrant dismissal of Plaintiff's tort claims.

The Second Amended Complaint fails to plead fraud with particularity and, in particular, does not satisfy the elements of causes of action for fraud in the inducement and negligent misrepresentation. Despite Plaintiff's efforts to shed new light on its allegations, Counts II and III of the Second Amended Complaint, Plaintiff's third bite at the apple, should be dismissed.

## III.   CONCLUSION

For the several reasons set forth above, Green Shoe requests that the Court approve and adopt the Magistrate's Report and Recommendation, dismiss Counts II (fraud in the inducement) and III (negligent misrepresentation) of Plaintiff's Second Amended Complaint with prejudice, and award such additional relief as is just and appropriate.

Dated: April 6, 2007.                           Respectfully submitted,

                                                HOLLAND & KNIGHT LLP
                                                *Counsel for Defendant*
                                                701 Brickell Avenue, Suite 3000
                                                Miami, Florida 33101
                                                Telephone: (305) 374-8500
                                                Facsimile: (305) 789-7799


                                                By:____s/Alex M. Gonzalez_____
                                                    Alex M. Gonzalez
                                                    Fla. Bar No. 991200
                                                    alex.gonzalez@hklaw.com
                                                    Maria E. Enriquez
                                                    Fla. Bar No. 603821
                                                    maria.enriquez@hklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Alex M. Gonzalez
Alex M. Gonzalez, Esq.

11

*S.K.Y. Management LLC vs. Green Shoe Ltd.*
**CASE NO. 06-21722-CIV-LENARD/TORRES**
**United States District Court, Southern District of Florida**

Service List:

Jonathan S. Cooper, Esq.
Blanck & Cooper, P.A.
5730 S.W. 74th Street
Miami, Florida 33143
Counsel for Plaintiff
via the Court's CM/ECF system

# 4462752_v1