UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-21722-CIV-LENARD/TORRES

S.K.Y. MANAGEMENT LLC,

    Plaintiff,

vs.

GREENSHOE, LTD.,

    Defendant
_____/

**ORDER DENYING MOTION FOR DISBURSEMENT OF FUNDS**

THIS CAUSE came before the Court upon Plaintiff's Motion for Entry of Order of Disbursement of Court Registry Funds [D.E. 57] that was referred for disposition on March 1, 2007 [D.E. 59].  Upon review of the Motion, Defendant's response in opposition, Plaintiff's reply, and the record in this case, the Motion will be denied without prejudice.

1.  Plaintiff's motion seeks an Order that disburses the funds in the Court registry that were deposited pursuant to the Court's Order of September 26, 2006 [D.E. 33].  That Order directed the escrow agent utilized by the parties in connection with the Purchase and Sale Agreement to transfer the $450,000 escrowed funds from its trust account to the Court registry.  Those funds were originally placed in escrow by the buyer under the Purchase and Sale Agreement, Plaintiff S.K.Y. Management LLC, in connection with its now scuttled purchase of the S/Y Gitana.

2.  Plaintiff argues that at this point there is no legal basis for the escrowed/ deposited funds not to be returned to Plaintiff because Defendant has no enforceable claim to those funds in this case.  Specifically, Plaintiff argues that Defendant has not asserted a breach of contract counterclaim in the case that it could use to make a claim

on those deposited funds. And Plaintiff argues that the parties' contract does not allow for any such claim in any event.

3. The Court disagrees, however, based upon the present record. It is true that there is no pending counterclaim for breach of contract under the Purchase and Sale Agreement. But that is because there is technically no final disposition of Defendant's motion to dismiss the second amended complaint. Upon final disposition of that issue, Defendant will clearly be entitled to refile the same or amended counterclaim that was previously filed, albeit stricken as moot, on July 18, 2006. [D.E. 4, 24]. In other words, the pleadings in this case have not closed and thus Plaintiff's argument that no claim has been made against the deposited monies is quite meritless.

4. When one considers the breach of contract counterclaim that was raised previously in the case, Defendant has clearly raised a breach of contract claim under the Purchase and Sale Agreement that could trigger the provisions of paragraph seven of the agreement: "[i]n the event the closing is not consummated due to the non-performance of Buyer, including but not limited to a failure of Buyer to pay monies due or execute all documents necessary to be executed . . ., all deposit funds paid prior to closing shall be retained by the Seller and Broker. . . ." It is, therefore, impossible to find on the present record and the present state of the pleadings that Defendant has not or cannot assert a legal claim that is enforceable in part from the escrowed funds.

5. Plaintiff may, of course, ultimately be able to show, even on a motion to dismiss the soon-to-be-filed counterclaim, that Defendant's legal arguments for such a claim must fail as a matter of law. More likely, however, such a showing will have to be made on summary judgment, if at all. Therefore, it is entirely premature to enter an order now that disburses funds from the Court registry that could very well be subject to

paragraph 7 of the parties' Purchase and Sale Agreement. At the very least, such an issue should not be disposed of on the meager record now before the Court.

6. Plaintiff can, of course, renew its request in subsequent stages of the case. For instance, if definitive discovery is obtained that shows that any potential claim that Defendant could raise under the parties' Purchase and Sale Agreement falls short of the amount of the deposited funds, then perhaps that discovery could allow for a partial disbursement of the funds prior to final disposition of the case. But no such record has been established at this point.

7. Therefore, the Court is quite reticent to grant the type of relief sought here without further factual and record development that shows that Plaintiff is clearly entitled to such relief.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Order for Disbursement of Court Registry Funds [D.E. 57] is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of April, 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge

cc: Counsel of record